IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,893-01, 02 and 03






EX PARTE GUADALUPE MOLINA, Applicant









ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS

CAUSE NOS. 07-CR-4493-B, 07-CR-3832-B, and 09-CR-2985-B IN THE 117th DISTRICT
COURT

FROM NUECES COUNTY 





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offenses
of burglary of a building, theft, and burglary of a building and sentenced to imprisonment for ten
years, ten years, and five years, respectively.

 The Applicant alleges that he received ineffective assistance of counsel. In response to these
claims, the State replies, in pertinent part:

 The State must determine whether the Applicant's ineffective assistance claim is cognizable
and, if so, whether the claim has merit. While an evidentiary hearing does not appear
necessary at this stage, the State needs additional information in the form of an affidavit from
counsel to address the Applicant's ineffective assistance claim. The State has requested this
affidavit from counsel and now asks the habeas court to enter a memorandum designating
this issue to be resolved and suspending all deadlines so that the State may obtain and submit
information necessary to form an adequate response.


 No order designating issues was entered by the trial court. The habeas records were then
forwarded to this Court without any response from trial counsel and without findings of fact and
conclusions of law from the trial court. Therefore, we remand these applications to the 117th
District Court of Nueces County so that the trial judge may conduct an evidentiary investigation and
enter findings of fact and conclusions of law.

 These applications will be held in abeyance until the trial court has resolved the issue of
whether the Applicant received ineffective assistance of counsel in these cases. The issues shall be
resolved within 90 days of this order. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along
with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this
Court within 120 days of the date of this order. Any extensions of time shall be obtained from this
Court. 


Filed: February 6, 2013

Do not publish